[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF MOTION TO STRIKE DATED JUNE 7, 2000 (#114)
The parties agreed that the Motion to Strike addressed to the Sixth Count of the Revised Complaint dated February 14, 2000, can be applied to the Sixth Count of the Amended Complaint dated September 15, 2000. The Sixth Count alleges that the defendant, Howard Meditz, as a corporate officer, director and shareholder of the defendant corporation (MR/MH) tortiously interfered with the "business expectancy" of the plaintiff in "that he would continue as an officer and director of MR/MH for a number of years after the buyout. . . ."
"This court has long recognized a cause of action for tortious CT Page 12327 interference with contract rights or other business relations." Blake v.Levy, 191 Conn. 257, 260 (1983). The elements of tortious interference with a business relationship are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff. Hart, Nininger Campbell Associates, Inc. v. Rogers,16 Conn. App. 619 (1988).
In order to sustain a cause of action for tortious interference with contractual relations, the plaintiff must plead and prove that the defendant acted with an improper motive. Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525, 536 (1988). "This element maybe satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation, or molestation . . . or that the defendant acted maliciously." (Citations omitted, internal quotation marks omitted.) Robert S. Weiss Associates, Inc. v. Wiederlight, supra,208 Conn. 536.
 An officer or director of a corporation acting within the scope of his authority and on behalf of the corporation may not be held liable for interference with a contract of the corporation although there are circumstances under which personal liability may attach. . . . In order to deprive a corporate employee of his immunity, the plaintiff must establish that he acted solely for his own benefit and benefit to the corporation played no role therein. Such a defendant is insulated from liability even if his actions were motivated in part by self-interest, provided he believed he was serving the corporate defendant.
Resurrection Espinosa v. Connecticut College and Doris Meyer, Superior Court, judicial district of New London at New London, Docket Number 522872, (June 27, 1994, Leuba, J.) (1994 Ct. Sup. 6436).
The plaintiffs' complaint has inadequately alleged: (1) whether the "business expectancy" is contractual in nature; (2) sufficient facts supporting wrongful conduct such as fraud, misrepresentation, intimidation or molestation; and (3) that the defendant, Meditz, acted solely for his own interests and not for the benefit of the corporation.
The motion to strike is GRANTED.
BY THE COURT
KEVIN TIERNEY, J. CT Page 12328